IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC SIROTKIN,

       Plaintiff,

v.                                                       No. 1:24-cv-01171-KK[1]

SHADY SOFIA ROSE,

       Defendant.

**ORDER TO SHOW CAUSE**

Plaintiff[2] is a resident of New Mexico. *See* Complaint for Damages and Declaratory Relief for Breach of Contract, Promissory Estoppel, and Breach of the Covenant of Good Faith and Fair Dealing at 1, Doc. 1, filed November 19, 2024 ("Complaint"). Defendant is a resident of Oregon. *See* Complaint at 1. Plaintiff and Defendant owned a home together and have divorced. *See* Complaint at 1. Plaintiff and Defendant "entered into an oral agreement and a written Purchase Agreement" in which "Defendant bought out the Plaintiff's equity interest in said property" located in Oregon. Complaint at 2. Plaintiff alleges Defendant breached the contract that "was drafted and signed in New Mexico and countersigned in Oregon." Complaint at 1, ¶ 3.

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed November 19, 2024. Plaintiff has paid the filing fee. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

[2] Plaintiff is an attorney and has been admitted to practice in the United States District Court for the District of New Mexico.

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

It appears the District of Oregon is the proper venue for this action. Defendant resides in, Defendant's acts and omissions giving rise to Plaintiff's claims occurred in, and the property that is the subject of the contract is situated in the District of Oregon. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendant. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

2

The Court orders Plaintiff to show cause why the Court should not dismiss this case or transfer the case to the District of Oregon.  If Plaintiff asserts the Court should not dismiss or transfer this case, Plaintiff must file an amended complaint that contains allegations showing the District of New Mexico is the proper venue and that support personal jurisdiction over Defendant.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case or transfer this case to the District of Oregon; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**